BARNS, PAUL D., Associate Judge.
The court below sustained defendant-appellee’s motion to dismiss the appellant’s complaint and from a final judgment of dismissal the plaintiff appealed. We affirm.
The action is based on a “conditional receipt” of money for life insurance which receipt was dated 1-27-62 given plaintiff’s decedent and the policy was to make the plaintiff-appellant the beneficiary. The receipt, signed by appellee-defendant’s *537 agent, was for $10.77 given with the application for the insurance, which money, together with the application and. the report of a medical examiner was forwarded to the home office of the defendant-appellee. Two days later on 1-29-62 the applicant died. Thereupon the widow, the beneficiary of the proposed policy, with proof of death, made application for payment of the benefits, which was refused.-
The material portions of the conditional receipt which seem controlling provided that the money paid was to be applied toward the payment of the first premium ■“if the policy be issued as applied for and if sufficient to pay such premium in full”; that the insurance in the sum applied for ■shall be in full force and effect, “provided the duly authorized officers of the Company at its Home Office shall within their able discretion be satisfied that on said date the proposed insured was acceptable under the rules, limits and standards of the Company, for the amount and plan of insurance applied for and at the premium stated in the application”; the receipt further provided that “(7) this Receipt shall not be binding upon the Company: * * * (d) if the Proposed insured was not in good health on the date of the completion of the application, Parts 1, 2 and 2-A, which ever was the later.”
The application for insurance, an exhibit to the plaintiff’s complaint, shows that the applicant was a known diabetic since 1952 and had taken insulin daily for two years previously. Another exhibit to plaintiff’s complaint is a communication from the •Company to the soliciting agent of the Company, dated 2-6-62, as follows :
'“Please have the attached diabetic •questionaire completed by attending physician at applicants expense for minimum Table F (250%) rating. If the questionaire is completed,. please secure a home office specimen.”
It appears that the Company-appellee never became obligated since the application was not accepted; the policy was not issued; it does not appear that the duly authorized officers of the Company at its home office were satisfied that the proposed insured was acceptable at the premium stated in the application; the applicant was not in good health at the time of the application; and the Company has done nothing to waive any of the specified terms of the conditional receipt.
Affirmed.
SHANNON, Acting C. J., and WHITE, J., concur.